**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
500 7th Avenue, 8th Fl.
New York, NY 10018
Telephone: (646) 347-3940

***Attorney for Plaintiff Weitkemper and the Proposed Classes***

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

YANNIC WEITKEMPER, on behalf of himself and all others similarly situated,

Plaintiff,

v.

BJORN CAPITAL GROUP LLC,

Defendant.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Case No. 26-cv-1803

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 500 7th Ave., 8th Fl. New York, NY 10018 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Plaintiff Yannic Weitkemper, on behalf of himself and all others similarly situated, brings this class action suit for damages and equitable relief against Bjorn Capital Group LLC, d/b/a The Pod Company ("The Pod Company"). Mr. Weitkemper alleges the following upon personal information, as to allegations as to himself, and on the investigation of his counsel and on information and belief as to all other allegations:

## NATURE OF THE ACTION

1. This is a class action lawsuit against The Pod Company, which sells cold plunge products online. Last year, The Pod Company had a median of ten thousand organic, unique monthly visitors to its online store. Many consumers also purchased cold plunge products through Amazon and other online retailers. Upon information and belief, The Pod Company makes millions of dollars in annual revenue through product sales to tens of thousands of customers.

2. This is a case about deception. For several years, The Pod Company has consistently advertised massive, site-wide discounts for its products. These discounts are also advertised—or, at least, these prices are also reflected—on other online retail websites. But these sales never end. Rather, The Pod Company perpetually lists its products as "on sale" and has not sold its products at their purported original reference price for months, if not years. The Pod Company uses these reference prices and a sophisticated advertising campaign to deceive customers into paying more for its cold plunge and accessory products than they could command in a fair market. Accordingly, consumers, like Mr. Weitkemper, pay more for The Pod Company's products than they are worth.

3. Because The Pod Company has engaged in a false and deceptive marketing, advertising, and pricing scheme, Mr. Weitkemper brings claims on behalf of himself and all those similarly situated for unjust enrichment and fraud, and for violations of California consumer protection statutes, specifically, the Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200, *et seq.*, the False Advertising Law, Cal. Bus. & Prof. Code, §§ 17500, *et seq.*, the California Consumers Legal Remedies Act, Cal. Civ. Code, §§1750 *et seq.*

## PARTIES

4. Plaintiff Yannic Weitkemper is domiciled in California. On or around August 31, 2023, Mr. Weitkemper bought The Ice Pod PRO Bundle from The Pod Company's website. When

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

he visited The Pod Company's website, Mr. Weitkemper noticed banners advertising a "sale," strike-through prices, and sale prices, and reasonably relied on those representations when making his purchase. Mr. Weitkemper made his purchase because The Ice Pod PRO Bundle was "on sale." Mr. Weitkemper would not have purchased the bundle or would have paid substantially less for it if he had known of Defendant's deceptive scheme.

5. Defendant Bjorn Capital Group LLC, d/b/a The Pod Company, is a Delaware corporation headquartered in Dover, Delaware.

## JURISDICTION & VENUE

6. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and Mr. Weitkemper and at least one of the members of the proposed class are citizens of a different state than The Pod Company.

7. This Court has personal jurisdiction over The Pod Company because it conducts substantial business in this District, and a substantial part of the acts and omissions complained of occurred in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district.

## DIVISIONAL ASSIGNMENT

9. Assignment to the San Francisco or the Oakland Division is proper under Civil Local Rules 3-2(c) and 3-2(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Contra Costa County.

## FACTUAL ALLEGATIONS

### A. The Pod Company Perpetually Lists its Products as "On Sale."

10. Defendant The Pod Company sells a variety of cold plunge and accessory items (the "Products") on its website, podcompany.com ("The Pod Company Website") and other retail outlets, like Amazon. For years, The Pod Company has advertised persistent and *false* discounts, enticing unsuspecting customers with claims of massive, limited-time sales. The Pod Company

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

routinely advertises sitewide discounts of up to 60% but these purported sales are nothing more than deceptive false promotions. The Pod Company has engaged in this practice since at least March 2023. Since then, The Pod Company has, apparently, never sold its Products at their purported original price. The Products are only ever sold at their purported "sale" price.

11. Today, The Pod Company is advertising a "Tax Refund" season sale of 60% on The Pod Company Website. This purported limited time offer comes on the heels of an advertised "President's Day Sale" of up to 60% of in February, a "New Years Sale" up to 60% off through the end of January, a "Holiday Sale" of up to 60% off through the end of December and on and on.




podcompany.com (snip taken on Mar. 2, 2026)



podcompany.com (snip taken on Feb. 5, 2026)




podcompany.com (snip taken on Jan. 30, 2026)




https://web.archive.org/web/20251210113343/https://podcompany.com/ (Dec. 10, 2025)

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103




https://web.archive.org/web/20251017042130/https://podcompany.com/ (Oct. 17, 2025)




https://web.archive.org/web/20250918055151/https://podcompany.com/ (Sept. 18, 2025)

12. These are just the most recent illustrations of The Pod Company's false advertising scheme. Since March 2023, and despite what it claims on its website, The Pod Company has continuously claimed that its Products are being sold at a discount *only for a limited time*. But each limited time sale never ends. Instead, sales are renamed or given a different false discount value.

13. These claims about supposed sales are deceptive and misleading to the reasonable consumer. If the sale never ends, then it is not a sale. It is just an illegal way for The Pod Company to deceive online shoppers into thinking they are receiving a "deal" on a high-value product. By making consumers believe that a product is worth more than it is, The Pod Company can extract a higher price point for its Products than a fair market would allow.

**B. The Pod Company Advertises Fake Sales and False Discounts.**

14. The Pod Company uses several platforms to carry out its deceptive scheme. For instance, The Pod Company advertises discounts on Amazon, even though price-tracking software indicates that these products have not been sold at their listed discounted price for months, *if at all*. For instance, The Pod Company advertises its 126-gallon extra-large plunge as marked down from $299. As shown below, that product was only offered at that price for a day in December 2025.




https://www.amazon.com/Long-Pod-Extra-Large-Collapsible-Stretch-Out/ (accessed March 3, 2026) (price history from Keepa extension)

15. The Pod Company also promotes its deceptive and supposedly "limited time" sales on social media. For instance, in November and December 2025, The Pod Company's U.S. Instagram page promoted supposedly limited time sales with videos, as shown below.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103




www.instagram.com/thepodcompany.us/ (last accessed Jan. 30, 2026)




www.instagram.com/thepodcompany.us/ (last accessed Jan. 30, 2026)

16. The most prominent false statements appear on The Pod Company Website. The Pod Company Website prominently displays banners that advertise limited time, sitewide sales, such as the "Fall Sale," "Holiday Sale," and "New Year Sale" (pages 3-5, *supra*). These announcements are repeated throughout the various pages of The Pod Company Website.

17. The Pod Company has made use of similar banners since, at least, March 12, 2023, as evidenced by archived maintained on WaybackMachine.com.




https://web.archive.org/web/20230312003349/https://podcompany.com/

18. In addition to banner ads, The Pod Company makes false and misleading claims when displaying information about a specific Product. When advertising specific Products, The Pod Company uses "strike through" pricing to show the item's purported original price. Those are shown in gray, faded font. The Pod Company also displays "sale" prices in red text or bold font to stress the purported value of the false sale. Finally, The Pod Company lists the value of the purported discount in bold, white text inside a shiny purple sticker. An example is shown below.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103




podcompany.com (last accessed Jan. 30, 2026)

19. Customers see these figures when they scroll through a list of products on the main page and, once again, on each individual Product page. All this information is intended to create urgency and to pressure customers to buy now before the sale ends or the item sells out.

20. But The Pod Company goes further to deceive consumers and create a false sense of urgency. The Pod Company displays a "Low Stock" warning and countdown timer, and does so for *every single Product*. Timers are triggered whenever consumers visit a page and reset each time the page is refreshed. Purportedly, consumers must order before time runs out, but timers are not

tied to product availability. As with much of the information on The Pod Company Website, the only function of these timers and "Low Stock" warnings is to create the impression of scarcity.




podcompany.com/products/the-sauna-pod-free-ice-pod (last accessed Jan. 30, 2026)




podcompany.com/products/the-water-chiller (last accessed Jan. 30, 2026)

21. Finally, The Pod Company makes use of invasive pop-up windows to pressure consumers into making further purchases. When a consumer visits The Pod Company Website for the first time, they are presented with a spinning wheel that provides another opportunity for The Pod Company to advertise its false sale: "Enjoy Up To 60% OFF" sitewide. An example is below.

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103




podcompany.com (last accessed Jan. 30, 2026)

22. As another example, after consumers select a product for purchase and try to checkout, a pop-up fills their screen and asks if they want "Essential Add-Ons." Text at the top of the pop-up claims that "87% of customers added these"—a claim which, upon information and belief, is almost certainly false—and displays false references prices, using the same pattern The Pod Company employs across its website. An example is below.

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103




podcompany.com/products/pod-chiller-ice-pod-pro (last accessed Jan. 30, 2026)

**C. False Reference Prices Reliably Deceive Reasonable Consumers.**

23. The Pod Company falsely and prominently advertises limited time "sales" despite always offering a purported discount. A crucial element in this scheme is the false reference price.

24. For instance, The Ice Pod with Pro Chiller, which Mr. Weitkemper purchased, is currently advertised as "on sale" for $1,149 with a strike through price of $1,866. The higher price ($1,866) is the reference price. Another example is illustrated with The Pod Company's newest product: the Sauna Pod. The purported sale price is $679. The reference price is $999.00.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103




podcompany.com/products/the-ice-pod?variant=44455811350694 (last accessed Jan. 27, 2026)




podcompany.com/products/the-sauna-pod (last accessed Jan. 30, 2026)

25. The Pod Company knows that false reference pricing increases sales figures because listed sale prices influence purchase decisions. Reasonable consumers are drawn to a sale.

26. Accordingly, fake discounts, especially false reference prices, can powerfully influence purchasing decisions, with higher reference prices leading to higher sale prices.[1]

[1] *E.g.*, Staelin, Urbany, & Ngwe, *Competition and the Regulation of Fictitious Pricing*, 87 J. OF MKTG. 1-21 (2023); Amstrong & Chen, *Discount Pricing*, 58 ECON. INQUIRY 1614-27 (2020).

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

27. As one prominent study from the Harvard Business School summarized, laboratory experiments and observational data indicate that false discounts are "a powerful tool to enhance demand" and have a particularly strong influence on "less-informed consumers."[2]

28. These findings are reinforced by an FTC Staff Report titled *Bringing Dark Patterns to Light*, published September 1, 2022. According to the FTC, false discounts, false limited time messages, claims that an item is almost sold out when there is actually ample supply, and false claims that other people have recently viewed an item each create a "false belief"—specifically, an illusion of urgency, putting undue pressures on customers to "buy immediately[.]"[3]

29. On information and belief, The Pod Company makes most of its sales from The Pod Company Website, where it sells Products at a false discount. The Pod Company's marketing directs consumers to The Pod Company Website, not to third-party sellers. Last year, The Pod Company Website had a median of twelve-thousand organic, unique visitors.[4]

30. To the extent any third-party sales have occurred, those sales were not made at the purported list price of The Pod Company's products but, rather, at the prices deceptively advertises as "sale" prices on The Pod Company Website.

31. The Pod Company's misconduct, therefore, has artificially increased demand for its Products and manipulated its consumers, like Mr. Weitkemper, into paying a premium for them.

**CLASS ACTION ALLEGATIONS**

32. Mr. Weitkemper brings this action on behalf of himself and on behalf of the following proposed Nationwide Class, initially defined as follows:

> All individuals in the United States who purchased a Product advertised at a discount on The Pod Company Website within the relevant limitations period.

---

[2] Donald Ngwe, *Fake Discounts Drive Real Revenues in Retail*, Harvard Business School Working Paper (2018), available at www.hbs.edu/ris/Publication%20Files/18-113_16977967-84c0-488d-96e5-ffba637617d9.pdf.

[3] FTC Staff Report, *Bringing Dark Patterns to Light* at 4, 25 (Sept. 2022), available at https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%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%20-%20FINAL.pdf

[4] Web traffic data for The Pod Company Website can be found here: https://online.seranking.com/research.competitor.html/?input=podcompany.com&mode=base_domain&source=us&month=2026-1

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

33. Mr. Weitkemper also brings this action on behalf of himself and on behalf of the following proposed California Subclass, initially defined as follows:

> All individuals in California who purchased a Product advertised at a discount on The Pod Company Website within the relevant limitations period.

34. Excluded from the proposed Classes are The Pod Company and its parents, subsidiaries, affiliates, officers, and directors, and any entity in which The Pod Company has a controlling interest.

35. Mr. Weitkemper reserves the right to re-define any of the class definitions prior to class certification and after having the opportunity to conduct discovery.

36. The claims of all class members derive directly from a single course of conduct by The Pod Company, which has engaged and continues to engage in uniform and standardized conduct toward the putative class members. The Pod Company does not differentiate, in degree of care or candor, in its actions or inactions, or the content of its statements or omissions, among individual class members.

37. Certification of Mr. Weitkemper's claims is appropriate because he can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

38. Accordingly, Mr. Weitkemper brings this lawsuit as a class action on his own behalf and on behalf of all other individuals similarly situated pursuant under Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

39. Specifically, this action has been properly brought and may properly be maintained as a class action under Rule 23(a)(1-4), Rule 23(b)(1), (2), or (3), and/or Rule 23(c)(4) of the Federal Rules of Civil Procedure.

40. **Numerosity** (Fed. R. Civ. P. 23(a)(1)). The members of the proposed Classes are each so numerous that their individual joinder would be impracticable. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed each

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Class includes many tens of thousands of members. The precise number of class members, and their addresses, are unknown to Mr. Weitkemper at this time but can be ascertained from The Pod Company's records.

41. **Ascertainability.** The Classes are ascertainable because their members can be readily identified using business records, and other information kept by The Pod Company in the usual course of business and within its control. Mr. Weitkemper anticipates providing appropriate notice to the Classes to be approved by the Court after class certification, or pursuant to court order.

42. **Commonality and Predominance** (Fed. R. Civ. P. 23(a)(2); 23(b)(3)). Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual class members. The common legal and factual questions include, without limitation:

a. Whether The Pod Company's marketing claims about the Product are misleading to a reasonable consumer;

b. Whether The Pod Company engaged in the conduct alleged in this Complaint;

c. Whether The Pod Company violated the applicable statutes alleged herein;

d. Whether Mr. Weitkemper and the class members are injured and harmed directly by The Pod Company's conduct;

e. Whether Mr. Weitkemper and the class members are entitled to damages due to The Pod Company's conduct as alleged in this Complaint, and if so, in what amounts;

f. Whether Mr. Weitkemper and the class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this Complaint;

g. Whether Mr. Weitkemper and the class members are entitled to actual, compensatory, nominal, enhanced, and/or punitive damages;

h. Whether Mr. Weitkemper and the class members are entitled to injunctive, declaratory relief, or other equitable relief; and,

i. Whether Mr. Weitkemper and the class members are entitled to reasonable attorneys' fees and costs.

43. **Typicality of Claims** (Fed. R. Civ. P. 23(a)(3)). The claims of Mr. Weitkemper and the putative class members are based on the same legal theories and arise from the same unlawful and willful conduct of The Pod Company, resulting in the same injury to Mr. Weitkemper and the putative class members. Mr. Weitkemper and all class members are similarly affected by The Pod Company's wrongful conduct, were damaged in the same way, and seek the same relief. Mr. Weitkemper's interests coincide with, and are not antagonistic to, those of the other class members. He has been damaged by the same wrongdoing set forth in this Complaint.

44. **Adequacy of Representation** (Fed. R. Civ. P. 23(a)(4)). Mr. Weitkemper is an adequate representative of the Classes because his interests do not conflict with the interests of the class members, and they have retained competent and experienced class counsel. He and his counsel will fairly and adequately protect the interest of the class members.

45. **Superiority of a Class Action** (Fed. R. Civ. P. 23(b)(3)). A class action is superior to other available means for the fair and efficient adjudication of the claims of Mr. Weitkemper and class members. Thise is no special interest in class members individually controlling the prosecution of separate actions. The damages suffered by individual class members, while significant, are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by The Pod Company's conduct. Further, it would be virtually impossible for the class members individually to redress effectively the wrongs done to them. And, even if class members themselves could afford such individual litigation, the court system could not, given the tens or even hundreds of thousands of cases that would need to be filed. Individualized litigation would also present a potential for inconsistent or contradictory judgments. Individualized litigation would increase the delay and expense to all parties and the court system, given the complex legal and factual issues involved. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

46. **Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief** (Fed. R. Civ. P. 23(b)(1) and (2)). In the alternative, this action may properly be maintained as a class action, because:

(a) the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members, which would establish incompatible standards of conduct for The Pod Company; or

(b) the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

(c) The Pod Company has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of Weitkemper and the Nationwide Class)**

47. Plaintiff Weitkemper incorporates by reference all allegations in this Complaint and restate them as if fully set forth herein.

48. Mr. Weitkemper and members of the Nationwide Class conferred a tangible economic benefit on The Pod Company in the form of monetary payments for its Products, which were purchased based on The Pod Company's representations regarding purported time limited sales and discounts.

49. The Pod Company knowingly accepted and retained these financial benefits under circumstances that make such retention unjust. The Pod Company falsely marketed and sold the Products as "on sale" or otherwise subject to time limited discounts, claims that were false, misleading, and not substantiated by the actual retail price of the Products.

50. Mr. Weitkemper and members of the Nationwide Class did not receive the full value of what they paid for. Had they known the truth, Mr. Weitkemper and members of the proposed class would not have purchased the Products or would have paid significantly less for them.

51. Mr. Weitkemper and members of the Nationwide Class lack an adequate remedy at law.

52. It would be inequitable for The Pod Company to retain the profits from the sale of these deceptively marketed Products, as the enrichment was obtained through false and misleading labeling and marketing, omissions of material fact, and a campaign designed to create the false impression that the Products were worth more than the prices they were sold at.

53. The Pod Company's conduct has therefore caused and is causing immediate and irreparable injury to Mr. Weitkemper and members of the Nationwide Class and will continue to damage Mr. Weitkemper and the class members and deceive the public unless enjoined by this Court.

**SECOND CAUSE OF ACTION**
**Fraud**
**(On Behalf of Plaintiff Weitkemper and the Nationwide Class)**

54. Plaintiff Weitkemper incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

55. The Pod Company, through The Pod Company Website, online realtors, like Amazon, and social media platforms (*e.g.*, Instagram), represented that its Products were "on sale" as part of purported limited time or seasonal discounts—such as a "Holiday Sale" and "New Years Sale", among others—and prominently displayed purported sale prices and false reference prices for each of its Products on The Pod Company Website.

56. The Pod Company did not disclose the truth on any platform, *i.e.*, that its Products were not actually "on sale" and that purported sale prices were, in fact, the item's ordinary, market price.

57. The Pod Company made these misrepresentations and omissions intending to deceive Mr. Weitkemper and members of the Nationwide Class into purchasing the Products at their fake sale price.

58. When The Pod Company advertised sales, promoted specific sale prices and listed purported reference prices, it knew those representations were false and misleading. The Pod

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Company knew its Products were not being sold for a discount but, rather, at their ordinary, market price.

59. The misrepresentations and omissions were also material because the price of the Products and the existence of any discount on them are important factors to a reasonable consumer.

60. The Pod Company's fraudulent misrepresentations and omissions directly and proximately caused injury in fact and actual damage to Mr. Weitkemper and members of the Nationwide Class. Absent The Pod Company's misrepresentations and omissions, Mr. Weitkemper and the class members would not have purchased the Products or would have paid substantially less for them.

61. Mr. Weitkemper seeks compensatory and punitive damages in an amount to be determined at trial on behalf of himself and the Nationwide Class.

**THIRD CAUSE OF ACTION**
**Violations of Consumers Legal Remedies Act (the "CLRA")**
**California Civil Code § 1750, *et seq*.**
**(On Behalf of Plaintiff Weitkemper and the California Subclass)**

62. Plaintiff Weitkemper incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

63. The Pod Company's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

64. Mr. Weitkemper and other California Subclass members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

65. The Products that Mr. Weitkemper (and other similarly situated California Subclass members) purchased from The Pod Company were "goods" within the meaning of California Civil Code § 1761(a).

66. By engaging in the actions, representations, and conduct set forth in the Complaint, The Pod Company has violated, and continues to violate, §§ 1770(a)(5), 1770(a)(7), 1770(a)(9) and 1770(a)(13) of the CLRA.



JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 500 7th Ave., 8th Fl. New York, NY 10018 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

67. The Pod Company violated § 1770(a)(5) by representing that the Products have characteristics which they do not have.

68. The Pod Company violated § 1770(a)(7) by misrepresenting that the Products are of a particular standard, quality or grade.

69. The Pod Company violated § 1770(a)(9) by advertising the Products with an intent not to sell them as advertised.

70. The Pod Company violated § 1770(a)(13) by making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

71. The Pod Company's acts, practices, and omissions, set forth above, led consumers to falsely believe that the Products were and are being offered at a discount.

72. In fact, the purported discount price the Products are sold at is the customary price.

73. Mr. Weitkemper and members of the California Subclass reasonably relied on The Pod Company's representations and omissions. The representations and omissions were material because a reasonable consumer would consider the existence of a discount an important factor in deciding whether to purchase the Products and those representations and omissions were a substantial factor in Mr. Weitkemper's purchase decision.

74. The Pod Company's violations of the CLRA directly and proximately caused injury in fact and damage to Mr. Weitkemper and the California Subclass. Absent those misrepresentations and omissions, Mr. Weitkemper and the class members would not have purchased the Products or would have paid substantially less for them.

75. Mr. Weitkemper seeks relief for violations of the CLRA in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole himself and the California Subclass. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages. Further, to obtain a full refund as damages, Mr. Weitkemper would have to show that the Products no market value, whereas that showing is not required for restitution.

76. Mr. Weitkemper also seeks injunctive relief in the form of an order enjoining The Pod Company from continuing to deceptively market its Products. Injunctive relief is appropriate because The Pod Company continues to deceptively market its Products as "on sale" and continues

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

to claim that those sales represent limited time or seasonal offers. Injunctive relief is therefore necessary to prevent The Pod Company from continuing to engage in unlawful conduct and to prevent future harm to Mr. Weitkemper and the California Subclass, which cannot be achieved only through available legal remedies.

77. **Permanent public injunctive relief.** Mr. Weitkemper, acting as private attorney general, also seeks public injunctive relief to protect the general public from The Pod Company's conduct. The Pod Company's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Mr. Weitkemper seeks permanent injunction to enjoin The Pod Company from engaging in the misconduct alleged herein.

**FOURTH CAUSE OF ACTION**
**Violations of California Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code §§ 17200, *et seq*.**
**(On Behalf of Plaintiff Weitkemper and the California Subclass)**

78. Plaintiff Weitkemper incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

79. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertisement. Cal. Bus. & Prof. Code § 17200.

80. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

81. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

82. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

83. The Pod Company has violated the "unlawful" prong under the UCL and has engaged in "unfair, deceptive, untrue or misleading" advertising.

84. The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and specifically prohibits false advertisements. 15

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

U.S.C. § 52(a). The Pod Company's use of fake discounts to sell its Products are deceptive practices that violate the FTC Act and federal regulations.

85. 16 C.F.R.§ 233.1 states:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.
>
> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based. And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $______"), unless substantial sales at that price were actually made.

86. California law also prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "Value determinations; Former price advertisements," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

87. As further detailed in the Third Cause of Action above, California's Consumers

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Legal Remedies Act also prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," Cal. Civ. Code § 1770(a)(9), and prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions," *id.* § (a)(13), among other provisions of the CLRA.

88. The Pod Company's false advertising scheme as alleged herein violates the unlawful prongs of the UCL since it violates 16 C.F.R. § 233.1, Cal. Bus. & Prof. Code § 17501, Cal. Civ. Code §§ 1770(a)(9) and (a)(13).

89. The Pod Company has also violated the "unfair" prong of the UCL by falsely representing that its consumers received a discount from a referenced "original" former price of its Products. Additionally, The Pod Company has violated the "unfair" prong of the UCL by falsely representing that its Products were offered on unique, time-sensitive or seasonal discounts when, in fact, these sales were perpetual. Finally, The Pod Company has violated the "unfair" prong of the UCL by using language to indicate that the Products would quickly sell out when, in fact, that was not the case.

90. These acts and practices are unfair because they were likely to cause consumers to falsely believe that The Pod Company was offering value, discounts, or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.

91. As a result, purchasers (including Mr. Weitkemper) reasonably understood that they were receiving valuable price reductions on their purchases. This, in turn, has induced reasonable purchasers to buy The Pod Company's Products that they would not have otherwise purchased or to pay more than if they had known about the false advertising.

92. The gravity of the harm to Mr. Weitkemper and members of the California Subclass resulting from these unfair acts and practices outweighs any conceivable reasons, justifications, or motives that The Pod Company may have had for engaging in such deceptive acts and practices.

93. Additionally, The Pod Company has violated the "fraudulent" prong of the UCL because its marketing and advertising materials included false "original" prices and because these same materials also suggested advertised "sale" prices were time limited.

94. The Pod Company's acts and practices deceived Mr. Weitkemper and the California

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Subclass at large. Specifically, Mr. Weitkemper and the California Subclass relied on these misleading and deceptive representations regarding limited-time sales and discounts.

95. Mr. Weitkemper and the California Subclass never received the benefit of their bargains with The Pod Company because they did not receive any actual discount, contra to The Pod Company's misrepresentations. Mr. Weitkemper and California Subclass members did not receive Products that were worth the inflated amount that The Pod Company represented to them as the original reference prices; the Products did not regularly sell for, and were not actually worth, the fictitious reference prices advertised by The Pod Company.

96. As a result of these violations under each of the fraudulent, unfair, and unlawful prongs of the UCL, The Pod Company has been unjustly enriched at the expense of Mr. Weitkemper and members of the California Subclass. Specifically, The Pod Company has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading, and deceptive conduct

97. Through its unfair acts and practices, The Pod Company has unlawfully obtained money from Mr. Weitkemper and the class members. As such, Mr. Weitkemper requests that this Court order The Pod Company restore this money to Mr. Weitkemper and all California Subclass members. He further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

98. Mr. Weitkemper and the California Subclass members also lack an adequate remedy at law for future harm and seek to enjoin The Pod Company from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Mr. Weitkemper and these class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

99. **Permanent public injunctive relief.** Mr. Weitkemper, acting as private attorney general, also seeks public injunctive relief to protect the general public from The Pod Company's conduct.

100. The Pod Company's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Mr. Weitkemper seeks a permanent injunction

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

to enjoin The Pod Company from engaging in the misconduct alleged herein.

**FIFTH CAUSE OF ACTION**
**Violations of California False Advertising Law ("FAL")**
**Cal. Bus. & Prof. Code §§ 17500, *et seq*.**
**(On Behalf of Plaintiff Weitkemper and the California Subclass)**

101. Plaintiff Weitkemper incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

102. The FAL prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value, and former price. The Pod Company's false advertising scheme misrepresents the existence of limited time sales violate the FAL.

103. Furthermore, the FAL provides that: "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

104. The Pod Company has falsely advertised former prices that were not true former prices and were not the prevailing market price in the three months immediately preceding the advertisement.

105. Through its unfair acts and practices, The Pod Company has unlawfully obtained money from Mr. Weitkemper and the California Subclass members. As such, Mr. Weitkemper requests that this Court order The Pod Company to restore this money to himself and all members of the California Subclass. He further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

106. Mr. Weitkemper and the members of the California Subclass also lack an adequate remedy at law for future harm and seek to enjoin The Pod Company from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Mr. Weitkemper and these class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

107. **Permanent public injunctive relief.** Mr. Weitkemper, acting as private attorney

979 Osos St., Ste. A5 San Luis Obispo, CA 93401 500 7th Ave., 8th Fl. New York, NY 10018 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103
JANOVE PLLC

general, also seeks public injunctive relief to protect the general public from The Pod Company's conduct.

108. The Pod Company's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Mr. Weitkemper seeks a permanent injunction to enjoin The Pod Company from engaging in the misconduct alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Weitkemper, on his own behalf and the proposed Classes, pray for relief and judgment against The Pod Company as follows:

A. certifying the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Mr. Weitkemper as representative of the Classes, and designating his counsel as Class Counsel;

B. awarding Mr. Weitkemper and the Classes compensatory damages, actual damages, and punitive damages in an amount exceeding $5,000,000, to be determined by proof;

C. granting Mr. Weitkemper and the Classes declaratory and equitable relief, including restitution and disgorgement;

D. enjoining The Pod Company from continuing to engage in the wrongful acts and practices alleged herein;

E. awarding Mr. Weitkemper and the Classes the costs of prosecuting this action, including expert witness fees;

F. awarding Mr. Weitkemper and the Classes reasonable attorneys' fees and costs as allowable by law;

G. awarding pre-judgment and post-judgment interest; and

H. granting any other relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Mr. Weitkemper hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

DATED: March 3, 2026

By: /s/ *Raphael Janove*
Raphael Janove

**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
500 7th Avenue, 8th Fl.
New York, NY 10018
Telephone: (646) 347-3940

*Attorney for Plaintiff and the Proposed Classes*

I, Yannic Weitkemper, declare:

1. I am a Plaintiff in this action. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2. I submit this Declaration pursuant to California Code of Civil Procedure § 2015.5 and California Civil Code § 1780(d).

3. I reside in Richmond, California. As set forth in my complaint, I purchased The Ice Pod PRO Bundle from Defendant Bjorn Capital LLC.

4. Defendant Bjron Capital LLC regularly conducts business in Richmond, California, including by advertising and offering its products to consumers who live there, like myself. Accordingly, and because a substantial part of the transaction at issue in this case occurred in Richmond, the Northern District of California is the proper place for the trial of this action.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

03/02/26

Yannic Weitkemper (Mar 2, 2026 16:01:15 PST)

Date

Yannic Weitkemper